# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**A.K., a Minor by and through his Parents,**
**Guardians and Next Friends,**
**TIMOTHY KOCHER,**
**TERESA D. KOCHER, and**
**TIMOTHY KOCHER,**
**TERESA D. KOCHER, Individually,**

        Plaintiffs,

v.   No. 2:15-cv-02663-JTF-dkv

**DURHAM SCHOOL SERVICES, L.P.,**

        Defendant.

## DEFENDANT DURHAM SCHOOL SERVICES, L.P.'S MOTION *IN LIMINE* TO BAR PLAINTIFFS FROM SEEKING CERTAIN ECONOMIC DAMAGES AND SUPPORTING MEMORANDUM

**COMES NOW,** Defendant, Durham School Services, L.P. ("Durham"), and respectfully moves this Court to enter an order *in limine* precluding Plaintiffs from seeking certain economic damages. In support of its motion, Durham would state as follows:

### INTRODUCTION

The Court should enter an order barring Plaintiffs from seeking certain economic damages for failure to comply with their discovery obligations. Specifically, Plaintiffs should be barred from seeking damages for: (1) future medical expenses for A.K., (2) loss of earning capacity for A.K., and (3) lost wages and loss income for Plaintiffs Timothy Kocher and Teresa Kocher. Plaintiffs have alleged that they are entitled to these damages in their Complaint. (D.E. 1-1 at p.7). Plaintiffs should not be permitted to seek these damages because they have failed to

1

identify and compute these damages in their initial disclosures and in their discovery responses. In Plaintiffs' initial disclosures, which were never amended or supplemented, Plaintiffs did not identify and compute any damages as required by the Federal Rules of Civil Procedure.[1] Additionally, Plaintiffs did not identify and specify damages for future medical expenses and loss of earning capacity for A.K. and lost wages and loss of income for Plaintiffs Timothy Kocher and Teresa Kocher in response to Durham's written discovery requests.[2]

## LAW AND ARGUMENT

Rule 26(a)(1) of the Federal Rules of Civil Procedure requires plaintiffs to provide the following information in their initial disclosures:

> **(iii)** a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Parties are required to timely supplement or correct their initial disclosures and discovery requests when necessary. *See* Fed. R. Civ. P. 26(e). "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Here, Plaintiffs have clearly failed to comply with Rule 26(a)(1)(iii) with regard to future medical expenses, loss of earning capacity and loss wages and loss of income. Plaintiffs did not include a computation of any of these damages in their initial disclosures. Plaintiffs have also failed to provide any documents that these damages are based on. Moreover, Plaintiffs have

---

[1] Plaintiffs' initial disclosures are attached as Exhibit "1."
[2] Plaintiffs' responses to Durham's First and Second Set of Interrogatories and Requests for Production of Documents are attached as Exhibit "2."

never supplemented their initial disclosures to provide this information to Durham. Plaintiffs have also failed to provide this information in response to Durham's discovery requests. As a result, Plaintiffs should not be permitted to seek these damages. Under Tennessee law, future medical expenses, loss of earning capacity and loss wages and loss of income are considered economic damages.[3] *See* Tenn. Code Ann. § 29-39-101(a); *Dedmon v. Steelman*, --- S.W.3d ---, 2017 WL 5505409, at *4 (Tenn. Nov. 17, 2017) (citing *Meals ex rel. Meals v. Ford Motor Co.*, 417 S.W.3d 414, 419 (Tenn. 2013)). "'Economic damages' means damages . . . for: objectively verifiable pecuniary damages . . . ." Tenn. Code Ann. § 29-39-101(a). Because these damages are objectively verifiable, Plaintiffs should have provided Durham with computations of these damages and should have provided Durham with any documents supporting these damages.

Plaintiffs cannot show that their failure to comply with their discovery obligations was substantially justified or harmless. Plaintiffs had multiple opportunities to provide this information and failed to do so. They did not provide the information in their initial disclosures. Thereafter, Durham issued interrogatories specifically requesting this information and Plaintiffs still did not provide it.

This case is strikingly similar to *Design Strategy, Inc. v. Davis*, 469 F.3d 284 (2nd Cir. 2006). In *Design Strategy*, the Second Circuit upheld the exclusion of lost profit evidence that the plaintiff sought to use at trial. The plaintiff, in its initial disclosures, merely stated that it was seeking all profits wrongfully earned by the defendants without specifying a particular amount. *Id.* at 292. The defendants then propounded written discovery requests on the plaintiff requesting that the plaintiff detail its financial expenses or loss incurred as a result of the defendants' conduct. *Id.* The plaintiff merely repeated the language of its initial disclosures. *Id.*

---

[3] "'Economic damages' means damages . . . for: objectively verifiable pecuniary damages . . . ." Tenn. Code Ann. § 29-39-101(a).

at 293. The *Design Strategy* court found that the trial court was justified in precluding the plaintiff from using lost profit evidence at trial due to the plaintiff's failure to properly and timely disclose the information to the defendants. *Id.* at 297-99.

Like the *Design Strategy* court, this Court should likewise bar Plaintiffs from presenting evidence of future medical expenses, loss of earning capacity and loss wages and loss of income at trial.

## CONCLUSION

For the foregoing reasons, Plaintiffs should be precluded from seeking damages for: (1) future medical expenses for A.K., (2) loss of earning capacity for A.K., and (3) lost wages and loss income for Plaintiffs Timothy Kocher and Teresa Kocher.

Respectfully submitted,

**GLANKLER BROWN, PLLC**

By: /s/ Andre B. Mathis
     John I. Houseal, Jr. (#8449)
     Andre B. Mathis (#26458)

6000 Poplar Avenue, Suite 400
Memphis, Tennessee 38119
Telephone: (901) 525-1322
Facsimile: (901) 525-2389
Emails:  jhouseal@glankler.com
         amathis@glankler.com

*Attorneys for Durham School Services, L.P.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing has been served upon all counsel of record, by electronic means via the Court's electronic filing system, on this the 8th day of January, 2018.

/s/ Andre B. Mathis

4839-9143-1770, v. 1