# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

_____

A.K., a Minor by and through his Parents,
Guardians and Next Friends,
TIMOTHY KOCHER,
TERESA KOCHER, and
TIMOTHY KOCHER,
TERESA KOCHER, Individually,

    Plaintiffs,

v.                                  No. 2:15-cv-02663-JTF-dkv

DURHAM SCHOOL SERVICES, L.P.,

    Defendant.
_____

### PLAINTIFF'S RESPONSE TO DURHAM'S MOTOIN TO BAR PLAINTIFFS FROM SEEKING CERTAIN ECONOMIC DAMAGES
_____

**COME NOW**, the Plaintiffs, by and through undersigned counsel, and respond in opposition to Durham's motion to bar Plaintiffs from seeking certain economic damages (Doc. No. 251) as follows:

Durham alleges that the Plaintiffs should be precluded from seeking certain economic damages because, they allege, the Plaintiffs "failed to comply with Rule 26(a)(1)(iii)". Ironically, in filing this motion, Durham failed to comply with

Local Rule 7.2(a)(1)(B).[1] Failure to comply with Local Rule 7.2 is deemed "good grounds for denying the motion". Furthermore, Durham's motion is factually incorrect and contains no applicable Sixth Circuit case law to support the relief Durham seeks. For the reasons outlined below, Durham's motion should be denied in its entirety.

The Plaintiff's initial disclosures state very clearly that "[t]he damages claimed by the Plaintiffs have not been fully computed as the Plaintiff is still undergoing medical treatment". This statement is as true today as it was when it was originally made at the outset of this litigation. A.K. has been subjected to a steady stream of procedures and treatments for the injuries he sustained due to the negligent and reckless conduct of Durham and its employees. A.K. will continue to undergo procedures and treatments in the future for those injuries. The Plaintiffs have not updated their initial disclosures to include a damage calculation because that number is constantly changing. The statement on damages set forth by the Plaintiffs in the initial disclosure is entirely accurate and correct. Durham is aware of the medical bills incurred by the Plaintiffs to date. The Plaintiffs have not been dilatory in amending their disclosures regarding the statement on final damages because no amendment is needed.

---

[1] As has seemingly become standard practice for Durham and its counsel, no attempt was made to contact or confer with Plaintiffs regarding the issues set forth in this motion, in direct violation of L.R. 7.2(a)(1)(B).

Furthermore, the initial disclosure also list A.K.'s doctors with knowledge about his injuries and the future treatment and procedures A.K. will require. The Plaintiffs again listed those same doctors, and many more, in response to multiple written discovery requests. (See Plaintiffs answer to Interrogatory 12 of Defendant's first set of interrogatories, Doc. No. 251-2, page 11)(See also Plaintiffs answer to Interrogatory 5 of Defendant's second set of interrogatories, Doc. No. 251-2, page 2-3). Those same doctors were listed in Plaintiffs Rule 26 expert disclosures including information which put Durham on notice that those doctors would be discussing the future medical treatment of the minor Plaintiff. (See Plaintiffs Expert Disclosures attached hereto as Exhibit A). Those doctors were again listed in Plaintiffs first pre-trial disclosures. Despite all of this, Durham failed to depose a single of A.K.'s treating physicians. Despite being put on notice multiple times in many different ways, Durham has made no attempt to learn about the information it now claims it doesn't have and seeks to blame the Plaintiffs for it. The fact remains that Durham has known from the outset of this litigation that the Plaintiffs damages continue to change and has known about the various witnesses who will testify about it, yet has made absolutely no effort to find out what they will say.

Timothy and Teresa Kocher's damages for lost wages and loss income are also incomplete because A.K. is still undergoing medical treatment. Timothy and

Teresa Kocher are forced to miss work when A.K. undergoes a medical procedure. The Plaintiffs provided Durham with wage information in response to interrogatories. (See Plaintiffs answers to Interrogatories 1-3 of Defendant's second set of interrogatories, Doc. No. 251-2, page 2).

Durham has been privy to the information that the Plaintiffs have regarding future medical expenses and related measures of damages. Durham has failed to properly discover the information it lacks and now seeks to hold the Plaintiffs responsible for its failures.

For the foregoing reasons, Durham's motion to bar the Plaintiffs from seeking certain economic damages should be denied in its entirety.

Respectfully submitted,

**THE HOLTON LAW FIRM**

<u>/s/ John R. Holton</u>
Timothy R. Holton (11832)
John R. Holton (27312)
296 Washington Ave.
Memphis, TN 3810

CERTIFICATE OF SERVICE

    The undersigned does hereby affirm that a true and correct copy of the foregoing has been served on all counsel of record via the ECF system this 12th day of January, 2018.

/s/ John R. Holton